IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSE DELORES DURAN | § | |
| VS. | § | CIVIL ACTION NO. 1:24-CV-250 |
| A. WILCOX, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jose Delores Duran, a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against A. Wilcox, Mary Janel Gilder, Harowina Pare, A. Winfred, and Link Randler. Plaintiff requested leave to proceed *in forma pauperis*.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

Title 28 U.S.C. § 1915(g) limits the ability of prisoners from repeatedly filing frivolous or malicious complaints without payment of the filing fee. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) applies to this action because at least three of Plaintiff's prior lawsuits or appeals were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *Duran v. Townsend*, No. 9:88-CV-106 (E.D. Tex. Sept. 1, 1988); *Duran v. Lynaugh*, No. 89-2504 (5th Cir. Oct. 10, 1989); *Duran v. Crow*, No. 6:89-CV-717 (E.D. Tex. Sept. 30, 1991); *Duran v. Merillat*, No. 9:96-CV-130 (E.D. Tex. Oct. 30, 1996). To meet his burden of showing that he is in imminent danger, Plaintiff must allege specific facts demonstrating an ongoing serious physical injury, or a pattern of misconduct that is likely to cause imminent, serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet Plaintiff's burden. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Plaintiff must demonstrate that he was in imminent danger at the time he filed the action. *Banos v. O'Guin*, 144 F.3d 883, 884-5 (5th Cir. 1998) (revoking Plaintiff's *in forma pauperis* status after determining that he was not in imminent danger at the time he filed his notice of appeal); *see also Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011) (holding that past threats and assaults at the behest of a defendant are insufficient to show the plaintiff was in imminent danger at the time he filed his complaint).

Plaintiff's allegations about his medical treatment in 2022 and 2023 are insufficient to show that he was in imminent danger of serious physical injury in 2024, when he filed this action. Because Plaintiff has not demonstrated that he is in imminent danger, he is barred by § 1915(g) from proceeding *in forma pauperis* in this action.

Recommendation

Plaintiff should be denied leave to proceed *in forma pauperis*. The action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), unless Plaintiff pays the $405.00 filing fee within fourteen days from the date this Report and Recommendation is entered.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 25th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE